UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| NORTHERN VALLEY COMMUNICATIONS, LLC, | ) ) ) | CIV. 11-4052-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| QWEST COMMUNICATIONS COMPANY, LLC, | ) ) ) ) | |
| Defendant. | ) | |

Plaintiff, Northern Valley Communications, LLC, brought suit against defendant, Qwest Communications Company, LLC, alleging that Qwest failed to pay Northern Valley's access charges for completing calls to free conferencing calling services. There are a number of motions pending before the court. Qwest moves to file counterclaims. Docket 56. Qwest also moves for a protective order for discovery. Docket 62. Northern Valley moves for leave to file an untimely response to Qwest's motion for a protective order. Docket 77. Northern Valley also moves to stay discovery. Docket 67.

## DISCUSSION

According to the complaint, Northern Valley is a telecommunications provider located in Aberdeen, South Dakota. Under the telecommunications parlance, Northern Valley is known as a competitive local exchange carrier

(CLEC), also known as a local exchange carrier (LEC). Qwest is known as an interexchange carrier (IXC) and provides long-distance services.

Generally, an IXC utilizes its own telephone lines to carry a call across a state or across the country. But an IXC does not own the telephone lines located within the local exchange. Instead, a CLEC imposes upon an IXC an access charge to originate (an "originating" switched access charge) or terminate (a "terminating" switched access charge) a long-distance phone call on a line located within the local exchange. The access charge for interstate long-distance calls is determined by a tariff filed by the CLEC with the Federal Communications Commission (FCC), and the charge for intrastate long-distance calls is determined by a tariff filed with the South Dakota Public Utilities Commission.

Northern Valley filed its tariff number two with the FCC on November 15, 2004, which became effective on November 16, 2004. Pursuant to tariff number two, Northern Valley billed Qwest for access charges when Qwest customers utilized free conference calling services that used Northern Valley's equipment. Northern Valley charged Qwest its typical rural access charge for the free conference calls. Since May 1, 2007, Qwest has refused to pay Northern Valley's invoices. Northern Valley brought suit against Qwest to recover charges pursuant to its tariff number two. This suit was assigned to Judge Charles B. Kornmann. *See Northern Valley Commc'ns, LLC v. Qwest Commc'ns Corp.*, Civ.

09-1004-CBK. Judge Kornmann stayed the case and referred some issues to the FCC. *Id.* at Docket 159.

On July 8, 2010, Northern Valley filed tariff number three with the FCC, which became effective on July 23, 2010, and remained effective until June 7, 2011. On December 29, 2010, Northern Valley filed transmittal number four with the FCC, which modified tariff number three.

Northern Valley has been charging Qwest for services under tariff number three since July 23, 2010. Qwest has not paid any of Northern Valley's invoices billed under tariff number three. As of April 18, 2011, when Northern Valley filed this action, Northern Valley asserted that Qwest owes it $230,000. Additional charges continue to accrue daily.

I.     **Motion to File Counterclaims**

Qwest moves to file counterclaims (Docket 56), which Northern Valley resists. Qwest's proposed counterclaims allege a violation of the Federal Communications Act, specifically 47 U.S.C. §§ 201(b), 203, a state-law illegal discrimination claim, and claims of unlawful cross-subsidies under 47 U.S.C. §§ 254(K), 201, 206, 207. Docket 56-1.

Rule 12 defenses are generally disposed of before the party files a responsive pleading. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Instead of filing an answer, Qwest moved to dismiss some of Northern Valley's claims under Rule 12(b)(6) and to strike other claims under Rule 12(f), which

the court granted. Docket 88. Qwest has not filed an answer to Northern Valley's complaint. Instead, Qwest moves to file its counterclaims before it submits an answer to assist the parties in briefing the pending summary judgment motions. Docket 56. Northern Valley responds that Qwest cannot file counterclaims separately from its answer.

Federal Rule of Civil Procedure 7(a) exhaustively lists allowable pleadings and "counterclaim" is not listed. "Federal Rule 7(a) purports to enumerate all of the pleadings permitted in federal practice. In doing so the rule, which applies exclusively to the pleadings, sharply limits the nature and number of pleadings available under the federal rules." 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1183 (3d ed.). Because a counterclaim is not a stand alone pleading, it must be stated within a pleading. *See* Fed. R. Civ. P. 13(b) ("A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."). Courts have refused to allow a party to assert counterclaims that are not stated in a pleading. *See, e.g., Microsoft Corp. v. Ion Tech. Corp.*, 484 F. Supp. 2d 955, 965 (D. Minn. 2007) ("Counterclaims . . . must appear in a pleading, and a separate document that contains counterclaims is not a permissible pleading." (citations omitted)); *Columbia Gas Transmission LLC v. Crawford*, 267 F.R.D. 227, 228 (N.D. Ohio 2010) ("[A] counterclaim is not a 'pleading' but rather a claim asserted within a 'pleading'—like an answer" (citations omitted)); *Bernstein v. IDT Corp.*, 582 F. Supp. 1079, 1089 (D. Del. 1984) (dismissing counterclaims that were filed in a

separate document instead of a pleading); *cf. In re Cessna Distrib. Antitrust Litig.*, 532 F.2d 64, 67 (8th Cir. 1976) (reasoning that "[a]ppellants could assert the cross-claim only in their answer.").

Qwest did not assert its counterclaims in a pleading but rather in a motion. Because the federal rules do not permit this practice, Qwest's motion to file counterclaims is denied.

## II.     Motion to Stay Discovery

Northern Valley moves to stay discovery until the court resolves the pending motions for summary judgment in order to save the parties' resources. Docket 66. Qwest argues that a stay of discovery is inappropriate and also moves for leave to file a supplement to its response. Docket 74. For good cause shown, Qwest's motion for leave to file a supplement to its response is granted. The court has reviewed and considered Qwest's supplement.

Rule 26 provides that discovery is immediately available after the parties' initial discovery conference unless the court, upon a motion, determines otherwise. Fed. R. Civ. P. 26(d). Pursuant to Rule 26(c), "the court has discretion to stay discovery on other issues until the critical issue has been decided." 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2040 (3d ed.). Courts have utilized various standards in determining whether to stay discovery, including (1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party

opposing the stay. *Id.* at § 2037 n.18 (citing *Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006)). Courts also consider the complexity of the action and the stage of litigation. *Chesney*, 236 F.R.D. at 116. A stay of discovery is within the district court's discretion and is reviewed by the appellate court for an abuse of that discretion. *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008) (citing *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003)); *see also Maune v. Int'l Bhd. of Elec. Workers*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding the district court's granting of a party's request to stay discovery).

There are currently two summary judgment motion that are pending. Dockets 23, 37. Qwest argues "that it needs discovery from Northern Valley to present evidence in opposition to summary judgment." Docket 73 at 14. But, as stated below, the court is ordering the parties to brief whether this entire action should be stayed pending resolution of specific issues by the FCC. Staying discovery until the court resolves the issue of whether this case should be referred to the FCC conserves resources and does not prejudice either party. If the court ultimately does not stay the action pending referral to the FCC, Qwest can move to lift the stay of discovery. Thus, Northern Valley's motion to stay discovery is granted.

Also pending is Qwest's motion for a protective order and Northern Valley's motion to submit an untimely response to the motion for a protective order. Docket 62, 77. Because the court has stayed discovery, these motions

6

are denied without prejudice. If the motions become relevant after the court has resolved the issue of whether this case should be stayed and referred, the parties may resubmit their motions.

### III.   Further Briefing

In several similar cases, the court has ordered, pursuant to the doctrine of primary jurisdiction, that the action be stayed and for the referral of three issues to the FCC for resolution. *See, e.g., Splitrock Props., Inc. v. Sprint Commc'ns Co.*, 09-4075-KES (Docket 43). Although neither party raised this issue, before addressing the pending motions for summary judgment, the court would like both parties to address whether this case should be stayed and referred to the FCC. Accordingly, it is

ORDERED that defendant's motion to file counterclaims (Docket 56) is denied.

IT IS FURTHER ORDERED that defendant's motion for leave to file a supplement to its response to plaintiff's motion to stay discovery (Docket 74) is granted.

IT IS FURTHER ORDERED that plaintiff's motion to stay discovery (Docket 67) is granted.

IT IS FURTHER ORDERED that defendant's motion for a protective order (Docket 62) and plaintiff's motion to file an untimely response to the protective order (Docket 77) are denied without prejudice.

IT IS FURTHER ORDERED that on or before **March 1, 2012**, plaintiff and defendant will submit a brief on whether this case should be stayed and referred to the FCC.

Dated February 16, 2012.

>BY THE COURT:
>
>/s/ *Karen E. Schreier*
>KAREN E. SCHREIER
>CHIEF JUDGE